UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VICTOR SOWELL,

                        Plaintiff,

                                                                 DECISION AND ORDER

                                                                  07-CV-6355L

           v.

J. NORTHROP, et al.,

                        Defendants.
_____

       Plaintiff, Victor Sowell, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS") alleges that his constitutional rights were violated in 2006 and 2007, while plaintiff was confined at Southport Correctional Facility. In general, all of plaintiff's claims stem from an alleged assault on him by several correction officers on June 18, 2006, and plaintiff's requests for medical treatment for injuries that he allegedly sustained in that assault.

       One of the defendants, Jill Northrop, has moved for judgment on the pleadings dismissing plaintiff's claims against her pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff, who is represented by assigned counsel, opposes Northrop's motion, and has also moved for leave to file a second amended complaint.

## DISCUSSION

**I. Motions to Dismiss Pursuant to Fed. R. Civ. Proc. 12(c)**

       "In deciding a Rule 12(c) motion, [courts] apply the same standard as that applicable to a motion under Rule 12(b)(6). Under that test, a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v.*

*Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).  However, "a plaintiff's obligation ... requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**II. Application to Plaintiff's Claims against Northrop**

Northrop's motion is based on the argument that the allegations against her in the first amended complaint, even if true, fail to state a claim upon which relief can be granted.  Plaintiff's proposed second amended complaint ("PAC") adds additional allegations concerning Northrop.  Since plaintiff's motion for leave to amend is not subject to denial on nonsubstantive grounds (such as delay or unfair prejudice), the Court will address defendant's Rule 12(c) motion in the context of the PAC.  If the PAC states a facially valid claim against Northrop, then the amendment should be permitted, and Northrop's motion to dismiss should be denied.  If the PAC fails to state a claim against Northrop, then her motion to dismiss should be granted, and the motion for leave to amend should be denied as futile.

The PAC alleges that Northrop, who at all relevant times was a nurse administrator at Southport, was made aware, through plaintiff's letters and grievances, of plaintiff's injuries and alleged lack of proper medical treatment, and that Northrop failed to take any steps to see to it that plaintiff was given better treatment.  *See* Dkt. #154-1 Ex. A at 19-21.

Even accepting the truth of these allegations, however, I conclude that they do not state a claim against Northrop.  At most, these allegations show that Northrop may have been made aware that plaintiff was dissatisfied with the treatment that he was receiving from others on the medical staff at Southport.  That is not enough to establish liability on Northrop's part.  Certainly they do not show that she was both aware of any serious medical need on plaintiff's part, and that she disregarded that need, with the intent of causing plaintiff to suffer pain unnecessarily.  *See Purnell v. Grieg*, ___ F.Supp.2d ___, 2011 WL 4071984, *2 (W.D.N.Y. Sept. 14, 2011); *Wright v. Conway*,

584 F.Supp.2d 604, 608 (W.D.N.Y. 2008); *Bumpus v. Canfield*, 495 F.Supp.2d 316, 322-23 (W.D.N.Y. 2007). Northrop's motion for judgment on the pleadings is therefore granted.

### III. Plaintiff's Motion to Amend

Since plaintiff's allegations in the PAC fail to state a claim against Northrop, his motion to amend with respect to his claims against Northrop must be denied, on the ground of futility. Plaintiff has also moved, however, for leave to amend the complaint in certain other respects, with regard to his claims for damages.

In that respect, plaintiff's PAC would do three things. First, whereas the current complaint (which was drafted and filed by plaintiff *pro se*) seeks $50,000 in damages against each of the six defendants who allegedly assaulted plaintiff, the PAC would allege total damages in the amount of $300,000 on his claims against those six defendants. Dkt. #154-1 Ex. A at 11. Second, plaintiff seeks to add a claim for punitive damages against those six defendants. *Id.* Third, the PAC would add an ad damnum clause, setting forth his requests for relief in one place, rather than separately at the end of each cause of action. *Id.* at 36-37.

I find these proposed amendments to be reasonable, and I see no undue prejudice to defendants by allowing them. It appears that plaintiff's *pro se* complaint meant to allege total damages in the amount of $300,000, apportioned equally among the six defendants in question. The general rule in § 1983 cases, however, is that liability is joint and several. *See Beechwood Restorative Care Center v. Leeds*, ___ F.Supp.2d ___, 2011 WL 4014310, at *5 (W.D.N.Y. 2011) (citing *Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 315 (7th Cir.), *cert. denied*, ___ U.S. ___, 131 S.Ct. 643 (2010)). Plaintiff's other proposed changes would not unfairly prejudice defendants, and will be allowed. *See Doe v. Columbia Univ. in City of New York*, 165 F.R.D. 394, 397 (S.D.N.Y. 1996) (finding no error in magistrate judge's decision to allow plaintiff to amend her complaint to add a claim against defendant for punitive damages).

**CONCLUSION**

Defendant Jill Northrop's motion for judgment on the pleadings (Dkt. # 147) is granted, and plaintiff's claims against Northrop are dismissed.

Plaintiff's cross-motion for leave to file a second amended complaint (Dkt. #154) is granted in part and denied in part. Plaintiff's request for leave to amend his claims for damages, and to add an ad damnum clause, is granted, as set forth more fully in the body of this Decision and Order. Insofar as plaintiff seeks leave to amend his claims against defendant Northrop, his motion is denied.

Plaintiff is hereby directed to file a second amended complaint complying with the terms of this Decision and Order within fourteen (14) days of the date of issuance of this Decision and Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 24, 2011.